Heredia v Uber Tech., Inc. (2018 NY Slip Op 08104)





Heredia v Uber Tech., Inc.


2018 NY Slip Op 08104


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7737N 350036/16

[*1] Camila Heredia, etc., et al., Plaintiffs-Appellants,
v
Uber Technologies, Inc., et al., Defendants-Respondents, Bailo Diallo, Defendant.


Kent, Beatty & Gordon, LLP, New York (Joshua B. Katz of counsel), for appellants.
Gordon & Rees, LLP, Harrison (Julia E. Braun of counsel), for respondents.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about January 12, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to compel defendants Uber Technologies, Inc. and Schmecken, LLC to comply with court-ordered discovery obligations and certain disclosure notices, except for certain photographs, defendant driver Bailo Diallo's trip log, and opposing party statements and witness information, with leave to file a new motion after deposing Diallo, unanimously modified, on the law, to vacate the requirement to depose Diallo before obtaining disclosure, and to grant the motion to the extent of directing Uber and Schmecken to exchange, to the extent they have not already done so, all documents and things responsive to (1) the preliminary conference order; (2) all demands in plaintiffs' "Combined Demand and Notice for Discovery and Inspection" dated December 23, 2016, except for demand 8(B), (c), and (D), and demand 9, as to which disclosure shall be limited to those insurance policies, written accident reports, and investigative reports pertinent to this action and the underlying motor vehicle collision (see CPLR 3101[f], [g]); (3) demands 1-6, 8, 14-16, and 19-24 in plaintiffs' "Supplemental Notice for Discovery and Inspection" dated March 2, 2017, and (4) all demands in plaintiffs' "Second Supplemental Notice for Discovery and Inspection" dated July 15, 2017, except for demand 2, as to which disclosure shall be limited to contracts and agreements in effect on September 30, 2015 between (a) Uber and Diallo and (b) any Uber-affiliated entities and Diallo; and except for demand 7 which is duplicative, the disclosure directed herein is subject to the court's determination of Uber and Schmecken's cross motion for a protective order for certain confidential and proprietary information, for which the matter is remanded, and otherwise affirmed, without costs.
The information sought in the discovery demands to which we direct Uber and Schmecken to respond is material and necessary to plaintiffs' ability to litigate the causes of action against Uber and Schmecken alleging vicarious liability and negligent hiring and supervision, among other things, as well as to defend against Uber and Schmecken's affirmative defense alleging that defendant Bailo Diallo was an independent contractor.
However, Uber and Schmecken raised legitimate concerns about the confidential nature of their data and about some responsive documents being trade secrets, proprietary data, or subject to a valid privilege. Since it denied most of plaintiffs' discovery motion, the motion court did not decide Uber and Schmecken's cross motion for a protective order. Accordingly, [*2]before Uber and Schmecken comply with this order, their cross motion must be decided, relative to what has been ordered herein.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK